IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: Salubrio, LLC. *Debtor,* | § § § § | |
| Douglas K. Smith, *Appellant,* | § § § | CASE NO. 5:21-CV-1215-XR |
| v. | § § | BANKRUPTCY CASE NO. 20-50578-RBK |
| Eric Terry, Chapter 7 Trustee for the Bankruptcy Estate of Salubrio, LLC, *Appellee.* | § § § § § | ADV. PROC. NO. 21-5091-RBK |

## ORDER

On this date, the Court considered Appellee Eric Terry's motion to dismiss (ECF No. 4). No response has been filed, and the time to do so has now passed. After careful consideration, the Court **GRANTS** Appellee's motion.

## BACKGROUND

Appellee Eric Terry is the Chapter 7 Trustee ("Trustee") of debtor Salubrio, LLC's bankruptcy estate in the bankruptcy case styled *In re Salubrio, LLC*, No. 20-50578-rbk. ECF No. 4 at 1. On August 3, 2021, Trustee filed a Complaint Objecting to Discharge and Dischargeability of Debts pursuant to 11 U.S.C. §§ 523 and 727, initiating Adversary Proceeding No. 21-5091-rbk (the "Adversary Proceeding") against debtor Douglas Kevin Smith, M.D. ("Smith"). ECF No. 1-2 at 1. Smith was served a copy of the summons and Complaint on August 4, 2021, but Smith failed to file a responsive pleading in the Adversary Proceeding. *Id.* at 2. Instead, on August 13, 2021, Smith, proceeding *pro se*, filed a subpoena in the Adversary Proceeding to depose Trustee. *Id.* Because Smith had failed to file a responsive pleading, on September 15, 2021, the bankruptcy court ordered Trustee to move for default judgment against Smith. *Id.* Trustee filed a motion for entry of default, which was granted on September 23, 2021. *Id.*

1

On September 27, 2021, Smith filed a document entitled "Objection to Motion for Entry of Default" and requested that his deadline to respond to the Complaint be extended. *See id.* at 3. The bankruptcy court denied the requested relief, which is the subject of a separate appeal. *See Smith v. Terry*, No. 5:21-CV-1137-FB (W.D. Tex.); ECF No. 1-2 at 6. On October 27, 2021, Smith filed a motion to dismiss the Adversary Proceeding for lack of subject matter jurisdiction. ECF No. 1-2 at 5. At a hearing on November 23, 2021, the bankruptcy court orally denied Smith's motion. *Id.* at 7; ECF No. 1-1 at 1–2.

Smith appeals the bankruptcy court's denial of his motion to dismiss the Adversary Proceeding for lack of subject matter jurisdiction. ECF No. 1 at 1. Trustee argues that the appeal should be dismissed as moot and that Smith's failure to designate the record on appeal and submit a statement of issues on appeal warrants dismissal. Because the Court does not have the benefit of the record of the bankruptcy court's proceedings and therefore cannot determine if Smith's appeal is in fact moot,[1] the Court limits its discussion to Smith's failure to abide by procedural rules.

## DISCUSSION

Rule 8009(a)(1) requires that an appellant file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days of the notice of appeal. FED. R. BANKR. P. 8009(a)(1). Failure to do so may result in dismissal of the case. FED. R. BANKR. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district

---

[1] If Smith were to prevail in this appeal, the validity of the default judgment issued in the underlying bankruptcy proceeding could be implicated. *See, e.g.*, *Mitchell Law Firm LP v. Bessie Jeanee Worthy Revocable Trust*, 8 F.4th 417, 420 (5th Cir. 2021) ("[A judgment] is void only if the court that rendered it lacked jurisdiction of the subject matter . . . .") (quoting 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2868 (3d ed. 2021)). However, without the record of the bankruptcy court's proceedings, the Court is unable to determine (1) how the bankruptcy court's denial of the motion to dismiss relates, if at all, to the default judgment; (2) if the motion to dismiss was treated as a motion to set aside the default judgment; or (3) why the bankruptcy court denied Smith's motion to dismiss. This is all the more reason why Smith's failure to abide by procedural rules necessitates dismissal of this matter.

court or BAP to act as it considerers appropriate, including dismissing the appeal."); *see also In re M.A. Baheth Const. Co. Inc.*, 118 F.3d 1082, 1083–84 (5th Cir. 1997) (dismissing an appeal for failure to comply with procedural rules, including for failure to designate the record on appeal). Though courts "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* litigants must still comply with applicable procedural rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

In this case, Smith has failed to file a designation of the record and statement of issues on appeal. Smith has not offered any reason for his failure to comply with the Rule 8009 in response to the Trustee's motion to dismiss, nor has he sought leave to designate the record on appeal and provide a statement of issues. In addition, Smith is well-versed in filing bankruptcy appeals in the Western District of Texas,[2] and has adequate notice of the procedural requirements for pursuing his appeal. Without a record, this Court has no way to determine on what basis the bankruptcy court denied Smith's motion to dismiss. *See In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000) ("The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts."); *In re Pease*, No. SA-10-CA-523-FB, 2010 WL 11598139 at *3–4 (W.D. Tex. Sept. 30, 2010) (dismissing *pro se* appellant's bankruptcy appeal for failure to designate the record on appeal). Thus, the Court finds dismissal in this case appropriate.

---

[2] Smith has filed numerous bankruptcy appeals. *E.g.*, *Smith v. Van Horn*, No. 5:21-CV-867-XR (W.D. Tex.) (appeal filed September 13, 2021); *Smith v. Mercer*, No. 5:21-CV-868-XR (W.D. Tex.) (appeal filed September 13, 2021); *Smith v. Terry*, 5:21-CV-528-JKP (W.D. Tex.) (appeal filed June 3, 2021); *Smith v. Pioneer Bank*, 5:21-CV-529-OLG (W.D. Tex.) (appeal filed June 3, 2021). Notably, in some of these appeals, Smith has designated a record. *See Pioneer Bank*, 5:21-CV-529-OLG, ECF No. 2; *Terry*, 5:21-CV-528-JKP, ECF No. 2.

## CONCLUSION

For the reasons stated, Appellee's motion to dismiss (ECF No. 4) is **GRANTED**. The appeal is **DISMISSED WITHOUT PREJUDICE**. All other pending motions in this case are **DISMISSED AS MOOT** and all further hearings and deadlines are **VACATED**. The Clerk is **DIRECTED** to close this case and to mail a copy of this order to Appellant Douglas Smith at 13423 Blanco Road, PO Box 840, San Antonio, TX 78216 and 101 Bretford Court, San Antonio, TX 78230.

It is so **ORDERED**.

**SIGNED** this 1st day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE